Filed 5/8/25  P. v. Diaz CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XAVIER MIKO DIAZ,<br><br>    Defendant and Appellant. | H051811<br>(Monterey County<br> Super. Ct. No. 22CR001136) |

Defendant Xavier Miko Diaz appeals from a judgment entered after pleading no contest to attempted murder and admitting firearm and great bodily injury enhancement allegations.  Appointed counsel for Diaz filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Diaz was advised of the right to file written arguments on his own behalf but has not responded.  Finding no arguable error that would result in a disposition more favorable to Diaz, we affirm the judgment.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A. Procedural background

On November 8, 2023, the Monterey County District Attorney filed an amended information charging Diaz with two counts of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664; counts 1, 4); one count of assault with a semiautomatic firearm (§ 245, subd. (b); count 2); and one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 3).  The amended information further alleged that, as to counts 2, 3, and 4, Diaz personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and caused great bodily injury (§ 12022.7, subd. (a)).

Diaz pleaded no contest to count 4 and admitted the associated firearm and great bodily injury enhancements in exchange for a state prison sentence of between 18 and 22 years.

On January 31, 2024, the trial court sentenced Diaz to a total term of 20 years in state prison, consisting of the middle term of seven years on count 4 (§§ 187, subd. (a), 664), with an additional three years for the great bodily injury enhancement (§ 12022.7, subd. (a)) and 10 years for the firearm enhancement (§ 12022.53, subd. (b)).  On the People's motion, the trial court dismissed the remaining counts and enhancements.

The court awarded Diaz a total of 837 days of presentence custody credits, consisting of 728 days of custody credits plus 109 days of conduct credits pursuant to section 2933.1.  In addition, the court imposed a $1,000 restitution fund fine (§ 1202.4, subd. (b)), an additional $1,000 parole revocation fund fine (suspended pending successful completion of parole), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 conviction assessment (Gov. Code, § 70373), and victim restitution in an amount to be determined.

---

[1] Unspecified statutory references are to the Penal Code.

Diaz timely appealed.

**B. Factual background[2]**

On February 2, 2022, about 10:22 a.m., Soledad Police Sergeant William Yetter, responded to an address in Soledad based on a reported shooting. When Sergeant Yetter arrived on the scene, he found the victim, A.R.,[3] with multiple gunshot wounds to his torso. A.R. told Sergeant Yetter that Diaz had called him[4] and told him to meet him outside A.R.'s home. A.R. said that when he went outside, Diaz got out of his vehicle and shot him. Police recovered five shell casings and four bullets, all nine-millimeter, at the scene of the shooting, as well as a knife with a six-inch blade.

Footage from a security camera at A.R.'s home showed A.R. step outside his home and walk down the driveway, holding what appeared to be a knife. A white SUV drives slowly past A.R.'s residence, after which A.R. is seen answering a phone call. A.R. can be heard saying to the caller "something like, 'Where … you at?' " During this phone conversation, A.R.'s tone gets "more agitated, confrontational" and he walks out of camera view. The camera continues to record audio, and it sounds as if A.R. is "having an argument with someone." There is then a "loud thump, followed by a loud [] crash or blast." In the last video clip, the audio records gunshots after which A.R. is seen running back toward his house. A.R. can be heard telling his wife that Diaz shot him.

Video from a nearby residence shows A.R. approaching a white SUV and kicking it. Diaz exits the SUV and points a handgun at A.R., who backtracks and runs away.

---

[2] As Diaz pleaded no contest, we derive our summary of the facts from the transcript of the preliminary hearing. At his change of plea hearing, Diaz stipulated that the preliminary hearing provided a factual basis for his plea.

[3] We refer to the victim by his initials to protect his privacy interests. (Cal. Rules of Court, rule 8.90(b)(4).)

[4] At the hospital, A.R. told a police officer that he recognized Diaz's voice because Diaz was dating the mother of A.R.'s child.

Diaz chases after A.R. with his arm extended, "[a]s if he was shooting." After A.R. got back to his house, Diaz ran back to his SUV and drove away.

That same day, police officers executed a search warrant at Diaz's home and found a nine-millimeter semiautomatic pistol inside a gun safe. The pistol was inspected by a crime scene investigator who determined it had recently been fired.

## II. DISCUSSION

Pursuant to *Wende, supra*, 25 Cal.3d at p. 436, we have reviewed the entire record. We find no arguable error that would result in a disposition more favorable to Diaz.

## III. DISPOSITION

The judgment is affirmed.

4

_____
WILSON, J.

WE CONCUR:

_____
DANNER, ACTING P. J.

_____
BROMBERG, J.

*People v. Diaz*
H051811